IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL P. WHITNEY,

      Plaintiff,                        No. CIV S-06-1488 FCD GGH P

      vs.

C/O SIMONSON, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint filed July 5, 2006.

      Pending before the court is defendants' March 14, 2007, motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). For the following reasons, the court recommends that defendants' motion be granted.

II. Legal Standard for Exhaustion of Administrative Remedies

      42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must

1

1   proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a
2   CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and
3   4) third level appeal to the Director of the California Department of Corrections.  Barry v.
4   Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A
5   final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at
6   1237-38.

7             In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
8   must exhaust administrative remedies, regardless of the relief offered through administrative
9   procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
10  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
11  brought with respect to prison conditions *until* such administrative remedies as are available are
12  exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

13            In Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), the Supreme Court
14  held that a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise
15  procedurally defective administrative grievance or appeal.

16  III.  Analysis

17            Plaintiff alleges that defendants Baker, Mesa and Simonsen failed to protect him
18  from an assault by his cellmate.

19            Before filing the instant action, plaintiff brought another action in this court
20  raising the same claims, Whitney v. Kernan, CIV S-04-2683 DFL PAN P.  CIV S-04-2683 was
21  dismissed for plaintiff's failure to exhaust administrative remedies.  Much of the background to
22  the instant motion is contained in the pleadings filed in CIV S-04-2683.[1]
23  /////

24  ───────────────

25     [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80
    F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126
26  (1981).

On March 15, 2004, plaintiff filed a grievance complaining about the assault by his cellmate, appeal no. MCSP 04-00551.  See Reyes declaration ¶ 4, filed July 15, 2005, in support of motion to dismiss, CIV S-04-2683, court file doc. # 15.  The appeal was cancelled at the second level of review because plaintiff refused to cooperate with an interview.  Id., ¶ 5.  Plaintiff appealed the cancellation of his appeal to the Director's Level of review.  See Grannis declaration ¶ 8, filed July 15, 2005, in support of motion to dismiss, CIV S-04-2683, court file doc. 12.  This appeal was returned to plaintiff because he did not complete the process through the second level of review.  Id.  The response informed plaintiff that if he disagreed with the decision to contact the institutional appeals coordinator.  Id.

Plaintiff filed CIV S-04-2683 on December 21, 2004.  On March 8, 2006, the court dismissed this case for plaintiff's failure to exhaust administrative remedies.  In particular, the court found that the administrative appeals process remained open to plaintiff based on the Director's Level response stating that if plaintiff disagreed with the second level decision cancelling his grievance, he should contact the institutional appeals coordinator.

On March 10, 2006, plaintiff submitted a new grievance claiming that he was assaulted by his cellmate.  Reyes Decl., ¶ 4, Motion to Dismiss, Exhibit B.  Because this grievance reiterated the same facts that were raised in the earlier grievance, MCSP 04-00551, the appeals coordinator rejected it as duplicative.  Id., ¶ 5.  On May 11, 2006, plaintiff submitted another grievance claiming he was assaulted by his cellmate.  Id., ¶ 6.  The appeals coordinator also rejected this grievance as duplicative of the appeal filed in MCSP 04-00551.  Id., ¶

In the instant motion, defendants argue that plaintiff failed to exhaust his administrative remedies because he failed to *reinstate* appeal MCSP 04-00551, as directed by the Director's Level response in that appeal.

The Director's Level response to appeal MCSP 04-00551 advised plaintiff to contact the appeals coordinator at the prison if he disagreed with the decision cancelling his appeal.  This response indicated that plaintiff should attempt to reinstate appeal MCSP 04-0551

rather than filing a new appeal, although one could question the hyper-technical view of administrative grievance procedure maintained by CDCR.  For these reasons, the court finds that dismissal of the two administrative appeals filed in 2006 as duplicative of appeal MCSP 04-0551 is compelled by Ngo.  Because these appeals were dismissed as procedurally defective and plaintiff has still not exhausted his claim to the final and third level of review, the court finds that he has failed to exhaust administrative remedies.  Accordingly, defendants' motion to dismiss should be granted.

In his opposition filed April 9, 2007, plaintiff argues, in essence, that the motion to dismiss filed in 04-2683 was incorrectly decided against him.  Pursuant to the doctrine of res judicata, plaintiff is barred from re-arguing the merits of this motion, which was previously litigated and decided against him in on the merits in the prior action.  Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993).

IT IS HEREBY RECOMMENDED that defendants' March 14, 2007, motion to dismiss for failure to exhaust administrative remedies be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   11/5/07                               /s/ Gregory G. Hollows

                                                UNITED STATES MAGISTRATE JUDGE

whit1488.mtd